UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR DALTON, et al. | No. 2:22-cv-00847-DJC-DB |
| Plaintiff, | |
| v. | |
| FORREST C. FREEMAN, et al., | |
| Defendants. | **ORDER** |

Plaintiffs Connor Dalton and Anthony Samano, on behalf of themselves and those similarly situated, bring this action under the Employee Retirement Income Security Act ("ERISA"). Pending before the Court are motions by Defendants Alerus Financial. N.A. and Larry Wray to dismiss the ERISA claims made against each of them under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court GRANTS the Motion to Dismiss by Alerus (ECF No. 29.) Additionally, the Court grants in part and denies in part the Motion to Dismiss by Defendant Wray (ECF No. 47). Plaintiffs will be given leave to amend.

**BACKGROUND**

Plaintiffs Connor Dalton and Anthony Samano were employees of Defendant O.C. Communications ("OCC") and participants in an Employee Stock Ownership Plan

1

1   ("ESOP") offered by OCC that purchased an ownership interest in OCC.  (Compl. (ECF

2   No. 1) ¶ 1.)  In December of 2011, the ESOP purchased 3,333,333 shares of OCC

3   stock for $11.5 million, or $3.45 per share.  (*Id*. ¶ 6.)  As of December 31, 2018, ESOP

4   participants were notified that shares were worth $2.21 per share.  (*Id*. ¶ 7.)  In the

5   Complaint, Plaintiffs claim that Defendants failed to fulfill their fiduciary duty to the

6   ESOP when they approved the sale of OCC's assets to TAK Communications CA, Inc.

7   ("TAK") for a return less than the fair market value of OCC's assets.  (*Id*. ¶ 153.)  They

8   allege that Defendants enriched themselves at the expense of OCC's common

9   shareholders in a transaction that took place in May of 2019.  (*Id.* ¶ 76.)

10          In this 2019 transaction, OCC sold almost all of its operating assets and

11   liabilities to TAK for $7.2 million.  (*Id*. ¶ 8.)  The $7.2 million sale price indicated that

12   OCC's assets were sold for $0.72 per share.  (Id. ¶ 68.)  OCC's value at the end of

13   2018 was estimated to be more than $24 million.  (*Id.* ¶ 64.)  There were allegedly no

14   major business disruptions that occurred between the 2018 appraisal and the 2019

15   transaction that would have caused this large of a discrepancy in the valuation of

16   OCC's assets.  (*Id*. ¶ 67.)  On December 31, 2020, OCC redeemed the ESOP's

17   2,342,027 allocated shares for $750,000, or $0.32 per share.  (Id. ¶ 72.)  Plaintiffs

18   allege that all Defendants were fiduciaries under ERISA "at all relevant times."  (*Id*.

19   ¶ 130.)

20          Plaintiffs brought this action on May 18, 2022 under U.S.C. §§ 1132(a)(2) and

21   1132(a)(3).[1]  Plaintiffs assert three causes of action on behalf of themselves and those

22   similarly situated for: (1) breach of fiduciary duty under ERISA § 404(a)(1), 29 U.S.C.

23   § 1104(a)(1) against Defendants Forrest Freeman, Carla Freeman, Larry Wray (the

24   "Committee Defendants"), Defendants Reginal D. Wright, Rick Wylie, Don Yee (the

25   "Board Defendants"), Defendant Alerus, and John Doe Defendants 1-50, who were

26

27   ───────────────

[1] Plaintiffs refer to ERISA §§ 502(a)(2) and 502(a)(3), as well as other ERISA sections throughout the Complaint. The Court will refer to 29 U.S.C. § 1132, the official U.S. Code citation of ERISA, in this Order.

28

1  the other members of the Board and the ESOP Committee (collectively, the "Fiduciary

2  Defendants"); (2) breach of co-fiduciary duty under ERISA 405(a)(1)-(3), 29 U.S.C

3  § 1105 (a)(1)-(3) against the Fiduciary Defendants; and (3) failure to provide required

4  information requested by plan participant in writing under ERISA 405(a)(1)-(3), 29

5  U.S.C § 1105 (a)(1)-(3) against defendants Craig Freeman, OCC, and TAK.

6       Defendant Alerus filed a Motion to Dismiss on August 9, 2022, seeking

7  dismissal of claims I and II.  (Alerus Mot. to Dismiss (ECF No. 29) at 6–10.)  Additionally,

8  Defendant Wray filed a Motion to Dismiss on October 7, 2022, also seeking dismissal

9  of claims I and II.  (Wray Mot. to Dismiss (ECF No. 47) at 5–7.)  Both Motions are fully

10 briefed and were taken under submission by the Court pursuant to Local Rule 230(g)

11 (Alerus Opp'n (ECF No. 41); Alerus Reply (ECF No. 42); Wray Opp'n (ECF No. 51);

12 Wray Reply (ECF No. 56).)[2]

13                              **LEGAL STANDARD**

14      A party may move to dismiss for "failure to state a claim upon which relief can

15 be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint

16 lacks a "cognizable legal theory or sufficient facts to support a cognizable legal

17 theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

18 While the court assumes all factual allegations are true and construes "them in the

19 light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco*,

20 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly

21 give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556

22 U.S. 662, 679 (2009).

23      A complaint need contain only a "short and plain statement of the claim

24 showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed

25 factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This rule

26 demands more than unadorned accusations; "sufficient factual matter" must make the

27

28 [2] This matter was reassigned to this Court on April 13, 2023.  (ECF No. 58.)

1    claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or

2    formulaic recitations of elements do not alone suffice. *Id*. "A claim has facial

3    plausibility when the plaintiff pleads factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This

5    evaluation of plausibility is a context-specific task drawing on "judicial experience and

6    common sense." *Id*. at 679. However, a court may not assume that the plaintiff "can

7    prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal.*

8    *State Council of Carpenters*, 459 U.S. 519, 526 (1983).

9                     **Defendant Alerus's Motion to Dismiss**

10   **I.    Breach of Fiduciary Duty Regarding Defendant Alerus (Cause of Action**

11          **One)**

12          Defendant Alerus contends that Plaintiffs have not plausibly alleged any factual

13   allegations directed toward Alerus. (Alerus Mot. to Dismiss at 1.) To state a claim for

14   an ERISA breach of fiduciary duty under section 1132(a)(3), a plaintiff must allege that

15   (1) the defendant was an ERISA fiduciary under the plan, (2) the defendant breached

16   its ERISA-imposed fiduciary duty, and (3) the breach caused harm to the plaintiff.

17   *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). In addition

18   to those fiduciaries named in an employee benefit plan, a trustee is considered a

19   fiduciary if they exercise any discretionary authority or control over the management

20   of the plan or its assets, or if they have any discretionary responsibility in the

21   administration of the plan. 29 U.S.C. § 1105(a).

22          Here, the OC Communications Employee Partnership Plan ("ESOP Plan

23   Document"), effective December 30, 2011, named the Trustee, Defendant Alerus, as a

24   fiduciary. (Compl. ¶ 117.) The ESOP Plan Document outlines certain fiduciary duties

25   of Defendant Alerus including the authority to invest trust assets, receive and post

26   periodic employment contributions, and vote shares of company stock in accordance

27   with directions of participants and beneficiaries to the extent required under the terms

28   of the Plan and consistent with Alerus fiduciary duties under ERISA. (Alerus Reply, Ex.

                                          4

1    A § 9.3(c).)[3]  On December 2, 2020, Defendant Alerus adopted the Independent

2    Trustee Engagement Agreement, which broadened Alerus's fiduciary duties to

3    include responsibility for determining whether the ESOP should be terminated and

4    whether the ESOP's stock should be redeemed by OCC.  (Compl. ¶ 128; *see also*

5    Alerus Opp'n, Ex. B § A(ii).)

6         Plaintiffs allege that as a fiduciary to the ESOP, Defendant Alerus failed to

7    prudently and loyally fulfill its fiduciary duties when it approved the sale of OCC's

8    assets to TAK because the proceeds were less than the market value of OCC's assets.

9    (*Id.* ¶ 153.)  Additionally, Plaintiffs argue that "as corporate officers and directors of

10   OCC, the Board Defendants and the Committee Defendants had corporate fiduciary

11   duties to the ESOP as a minority shareholder that they should have, but did not

12   protect." (*Id.* ¶ 154.)  They then state that "[a]s fiduciaries of the ESOP, the Fiduciary

13   Defendants knew or should have known that the sale of OCC's assets to TAK was not

14   fair to the ESOP from a financial point of view, and had ERISA fiduciary duties to act in

15   the ESOP's interest and to protect the ESOP's interest, including the sale of OCC's

16   assets.  (*Id.*)  Lastly, Plaintiffs state that "[a]t a minimum, the Fiduciary Defendants could

17   have, and should have, filed an action in Court to seek clarification about their

18   responsibilities to the ESOP under ERISA and to the ESOP as a minority shareholder of

19   OCC. But they did not do so." (*Id.* ¶ 155.)

20         Even taking the Plaintiffs' arguments as true, the factual allegations in the

21   Complaint are insufficient to state a claim as to Defendant Alerus, as Plaintiffs do not

22   connect the May 2019 transaction to any specific failed fiduciary duty owed by

23   Defendant Alerus.  Similarly, Plaintiffs fail to specify what fiduciary duties Defendant

24

25   [3]Under the incorporation by reference doctrine, the Court is permitted to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

26   Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir.

27   2018).  Plaintiffs referenced The ESOP Plan in the Complaint.  (*See* Compl. ¶¶ 106, 117.)  The document was then provided by Defendant Alerus and is referenced by both parties in their briefing.  (*See* Alerus

28   Reply, Ex. A.)  Thus, the Court will incorporate the ESOP Plan document and its contents by reference.

Alerus breached when redeeming the ESOP's shares on December 31, 2020. While Plaintiffs allege that Defendant Alerus had certain fiduciary duties outlined in the ESOP Plan Document and Independent Trustee Engagement Agreement, it is unclear from the Complaint which of these duties Plaintiffs alleged Defendant Alerus breached and by what actions.

Moreover, there is a lack of clarity as to whether Paragraphs 153 through 155 of the Complaint refer to the May 2019 transaction or the redemption of the ESOP's shares in December of 2020. Thus, it is unclear whether the fiduciary duties outlined in the ESOP Plan Document or the Independent Trustee Engagement Agreement apply as the Trustee Engagement Agreement was signed after the May 2019 transaction.

To the extent that these paragraphs apply to the May 2019 transaction, Plaintiffs have not alleged any facts that show Defendant Alerus approved of the sale or had any authority to do so as paragraph 153 of the Complaint suggests. While paragraph 154 of the Complaint mentions legal enforcement actions that should have taken place in relation to the Board Defendants and Committee Defendants, it fails to relate this to any duty owed by specifically the Trustee, Defendant Alerus. As noted, the ESOP Plan Document lays out certain fiduciary duties owed by Alerus, but the Complaint does not identify the fiduciary duty that Defendant Alerus violated. Further, paragraph 155 suggests that Defendants should have sought clarification of their fiduciary duties, but failure to clarify a fiduciary duty is not, by itself, a breach of a fiduciary duty outlined in the ESOP Plan Document. Moreover, Plaintiffs have not identified any specific fiduciary duty that Defendant Alerus breached for which it could have obtained clarification.

To the extent that paragraphs 153 through 155 apply to the redemption of ESOP's shares in December of 2020, Plaintiffs have still not alleged what fiduciary duties Defendant Alerus breached under the Independent Trustee Engagement Agreement. While under that Agreement Defendant Alerus agreed to expanded

1  fiduciary duties, Plaintiffs do not state identify any specific agreed-upon expanded

2  duty that was breached when the ESOP's shares were redeemed in the Complaint.

3  Plaintiff has not identified any other duties that Defendant Alerus had outside the

4  agreement that were violated by Defendant Alerus's actions.

5          In sum, Plaintiffs have not identified what fiduciary duty Defendant Alerus owed

6  to the ESOP during the May 2019 transaction, nor what fiduciary duty was breached

7  when the ESOP's shares in December of 2020 were redeemed.  As a result, Plaintiffs

8  have not alleged sufficient facts to state a breach of fiduciary duty claim against

9  Defendant Alerus, and the Motion to Dismiss is granted as to the first cause of action

10 against Defendant Alerus, with leave to amend.

11 **II.     Breach of Co-Fiduciary Duty Regarding Defendant Alerus (Cause of**

12 **          Action Two)**

13         The Court also agrees that Plaintiffs have not plausibly alleged that Alerus

14 breached a co-fiduciary duty.  Under ERISA, a fiduciary with respect to a plan is liable

15 for the breach "of another fiduciary" for the same plan if "he participates knowingly in,

16 or knowingly undertakes to conceal, an act or omissions of such other fiduciary,

17 knowing such act or omissions is a breach," 29 U.S.C. § 1105 (a)(1), or if, "by his failure

18 to comply with [his fiduciary duties] in the administration of his specific responsibilities

19 which give rise to his status as a fiduciary, he has enabled such other fiduciary to

20 commit a breach," 29 U.S.C. § 1105 (a)(2), or if "he has knowledge of a breach by such

21 other fiduciary, unless he makes reasonable efforts under the circumstances to

22 remedy the breach."  29 U.S.C. § 1105 (a)(3).

23         Plaintiffs' factual allegations are insufficient largely for the same reasons

24 identified above.  Plaintiffs do not provide factual allegations to show how Defendant

25 failed to abide by 29 U.S.C. § 1105.  Specifically, Plaintiffs do not allege facts that

26 establish Defendant Alerus had knowledge of the breach of another fiduciary.  Nor do

27 Plaintiffs sufficiently allege that Defendant Alerus failed to take reasonable efforts to

28 remedy the breach of another fiduciary.  All allegations regarding these components

                                        7

1   are conclusory without factual support.  Plaintiffs have thus not alleged sufficient facts

2   to state a breach of co-fiduciary duty claim against Defendant Alerus and Defendant

3   Alerus' Motion will be granted as to this claim with leave to amend.

4

5                          **Defendant Wray's Motion to Dismiss**

6   **I.      Breach of Fiduciary Duty Regarding Defendant Wray (Cause of Action**

7            **One)**

8          Plaintiffs contend that Defendant Wray also breached his fiduciary duty.  As

9   discussed previously, Plaintiffs must allege that (1) the defendant was an ERISA

10  fiduciary under the plan, (2) the defendant breached its ERISA-imposed fiduciary duty,

11  and (3) the breach caused harm to the plaintiff.  *See supra* Defendant Alerus's Motion

12  to Dismiss Section I.  By virtue of an individual's membership on an ESOP Committee,

13  which is a fiduciary of an ESOP, one is a "named fiduciary" of an ESOP plan.  *Solis v.*

14  *Webb,* 931 F. Supp. 2d 936, 947 (N.D. Cal. 2012).  "[T]herefore, [the ESOP committee

15  members] ha[ve] a fiduciary duty to ensure that the ESOP's acquisition of employer

16  securities is transacted for adequate consideration."  *Id*. (internal quotation omitted).

17         Plaintiffs sufficiently allege Defendant Wray was a fiduciary of the ESOP at the

18  time of the May 2019 transaction.  Plaintiffs have alleged that Defendant Wray was a

19  member of the ESOP committee, having been to the ESOP committee when the

20  committee was originally established in 2011 and remaining until the time of the

21  ESOP committee's termination.  (Compl. ¶¶ 27, 37–39).  While Defendant Wray

22  argues this factual allegation is contradicted by the ESOP Plan Document (Wray Mot.

23  to Dismiss at 3), that plan does not in fact name the specific individuals who were

24  appointed to the Committee, and the Court must accept the allegations that he was as

25  true at this stage in the proceedings.  Accordingly, Plaintiffs have established the

26  existence of a fiduciary duty.

27         As to alleging a breach, Plaintiffs further allege that "[a]s fiduciaries of the ESOP,

28  the Fiduciary Defendants knew or should have known that the sale of OCC's assets to

1  TAK was not fair to the ESOP from a financial point of view, and had ERISA fiduciary

2  duties to act in the ESOP's interest and to protect the ESOP's interest, including the

3  sale of OCC's assets.  (Compl. ¶ 153).  They then state that a fiduciary has "an

4  obligation to take action to prevent unfair diminution of trust assets (here, the value of

5  the ESOP's shares of OCC) including bringing legal claims… ." (*Id*. ¶ 154).  In this

6  instance, Plaintiffs have minimally alleged that Defendant Wray was not only was a

7  fiduciary of the Plan, but that Defendant Wray breached a fiduciary duty he owed.

8          These allegations are minimally sufficient to state a claim for breach of fiduciary

9  duty against Defendant Wray.[4]  Accordingly, Plaintiffs have alleged sufficient facts to

10  state a breach of fiduciary duty claim against Defendant Wray, and Defendants'

11  Motion will be denied as to this claim.

12  **II.      Breach of Co-Fiduciary Duty Regarding Defendant Wray (Cause of**

13          **Action Two)**

14          Plaintiffs contend that Defendant Wray also breached his co-fiduciary duty.  The

15  same elements of this cause of action apply to Defendant Wray.  *See supra* Defendant

16  Alerus's Motion to Dismiss Section II.  As with Plaintiffs' claims against Defendant

17  Alerus, Plaintiffs do not provide factual allegations that establish Defendant Wray had

18  knowledge of another fiduciary that breached their fiduciary duty, nor do Plaintiffs

19  sufficiently allege that Defendant Wray failed to take reasonable efforts to remedy the

20  breach of another fiduciary.  All the allegations made under this cause of action are

21  conclusory in nature.

22          Because Plaintiffs have not established facts in the Complaint to bring a breach

23  of co-fiduciary claim forward against Defendant Wray, Defendant Wray's Motion will

24  be granted as to this claim.

25  

26  [4] In opposing Defendant Wray's Motion, Plaintiffs include statements and evidence that is not included
in the Complaint.  The Court has not considered this information in reaching this decision.  Given that

27  the Court has determined that Plaintiff will be given leave to amend as to other claims, Plaintiffs may
provide additional factual allegations and further clarify the scope and nature of their claims their First

28  Amended Complaint.

III.    **Leave to Amend**

A court granting a motion to dismiss a complaint must also decide whether to grant leave to amend.  "In general, leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (cleaned up); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted).  While Plaintiffs have not pled sufficient facts to support either of their claims against Defendant Alerus or their co-fiduciary claim against Defendant Wray, it is possible that the issues identified above can be cured in an amended complaint.  As such, permitting amendment would thus not be futile at this stage.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Alerus' Motion to Dismiss (ECF No. 29) is GRANTED and Plaintiffs' first and second causes of action are DISMISSED as to Defendant Alerus.

2. Defendant Wray's Motion to Dismiss (ECF No. 47) is GRANTED in part and DENIED in part as follows:

    a. Defendant Wray's Motion is granted as to Plaintiff's cause of action two; and

    b. Defendant's Motion is denied as to Plaintiff's cause of action one.

3. Plaintiffs will be granted leave to amend.  Within 21 days of this order Plaintiffs shall give notice of their intent to proceed on their remaining claims or file a Second Amended Complaint.

////

////

////

4.  Plaintiff's Motion for Extension of Tile to File Answer (ECF No. 45) is
    DENIED AS MOOT in light of Defendant Wray's later filed Motion to
    Dismiss (ECF No. 47).

IT IS SO ORDERED.

Dated:  __**March 24, 2025**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2:22-cv-00847-DJC-DB