UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR DALTON, et al., | No. 2:22-cv-00847-DJC-DMC |
| Plaintiffs, | |
| v. | ORDER |
| FORREST C. FREEMAN, et al., | |
| Defendants. | |

Defendant Alerus has moved for an order directing Plaintiffs to file a Rule 7 Reply.[1] In the operative First Amended Complaint, Plaintiffs bring a cause of action under section 406 of the Employee Retirement Income Security Act ("ERISA") against Defendant Alerus. (FAC (ECF No. 67) at 25–27.) This cause of action, typically called a "prohibited transactions" claim, alleges that Defendant Alerus engaged in a transaction prohibited by ERISA when it approved the transfer of plan assets between the plan and a party in interest. (Id. ¶¶ 204–209.)

Notably, the relevant portion of ERISA is structured such that section 406 completely prohibits transactions between a plan and a person in interest where the transaction transfers plan assets, while the later section 408 provides numerous

---

[1] This matter is taken under submission without oral argument pursuant to Local Rule 230(g).

exceptions to the rule in section 406.[2] *See Cunningham v. Cornell Univ.*, 604 U.S. 693, 705 (2025). The Supreme Court has stated that, as constructed, section 406 sets out the basis and three necessary elements for prohibited transactions claims, while section 408 provides affirmative defenses to such claims. *Id.* at 701–02. Thus, in bringing a prohibited transactions claim, a plaintiff needs only to satisfy the elements of section 406. *Id.* at 702. Plaintiffs are not required to attempt to anticipate and proactively plead facts establishing that potential affirmative defenses under section 408 do not apply. *Id.*

However, in reaching this decision, the Supreme Court recognized that this structure creates a procedural issue. In short, by only requiring a plaintiff to plead the basic elements under section 406 and not necessitating that they address the exceptions under section 408 in their complaint, meritless cases could make their way past the motion to dismiss stage and into discovery. *Id.* at 708-09. As a potential solution to this issue, the Court pointed district courts to an uncommonly used tool provided by the Federal Rules of Civil Procedure: the reply. *Id.* Federal Rule of Civil Procedure 7(a) lists a reply as a permitted pleading where it is ordered by the court. The *Cunningham* Court identified that the reply might have a useful function in the specific context of prohibited transaction claims:

> To the extent future plaintiffs do bring barebones § 1106(a)(1)(C) suits, district courts can use existing tools at their disposal to screen out meritless claims before discovery. For instance, if a fiduciary believes an exemption applies to bar a plaintiff's suit and files an answer showing as much, Federal Rule of Civil Procedure 7 empowers district courts to insist that the plaintiff file a reply putting forward specific, nonconclusory factual allegations showing the exemption does not apply.

*Cunningham*, 604 U.S. at 708 (cleaned up). In his concurrence in *Cunningham*, Justice Alito, joined by Justices Thomas and Kavanaugh, fervently threw his support behind

---

[2] ERISA Sections 406 and 408 are codified as 29 U.S.C. § 1106 and 29 U.S.C. § 1108, respectively.

2

the view that district courts could use the reply to protect against potentially meritless prohibited transaction claims:

> [T]he Court sets out some alternative safeguards. Perhaps the most promising of these is the suggestion, offered by the Solicitor General, that a district court may insist that a plaintiff file a reply to an answer that raises one of the § 1108 exemptions as an affirmative defense. It does not appear that this is a commonly used procedure, but the Court has endorsed its use in the past. District courts should strongly consider utilizing this option—and employing the other safeguards that the Court describes—to achieve "the prompt disposition of insubstantial claims." Whether these measures will be used in a way that adequately addresses the problem that results from our current pleading rules remains to be seen.

*Id.* at 711 (Alito concurrence) (Internal citations and footnote omitted).

Here, in the First Amended Complaint, Plaintiff alleges a violation of section 406 by Defendant Alerus. (FAC at 25-27.) Defendant Alerus did not and does not challenge the adequacy of those allegations.[3] In their Answer, Defendant Alerus raised an affirmative defense under section 408. Specifically, Defendant Alerus asserts that the alleged prohibited transaction falls under subsection (e) of section 408, which is the exemption for transactions with adequate consideration. (Answer (ECF No. 88) at 53-58.) This places this case in the exact procedural posture discussed in *Cunningham*; Plaintiffs raised a prohibited transaction claim under section 406 without substantively addressing the affirmative defenses in section 408, and Defendants then identified an affirmative defense under section 408.

Following the advice of the Supreme Court in *Cunningham*, the Court finds that an order directing Plaintiffs to file a reply is appropriate here. Defendant Alerus has put forward clear, substantive factual allegations in support of their affirmative defense under exceptions described in section 408(e). Absent a reply, the Court and

---

[3] Defendant did challenge the timeliness of the prohibited transaction claim on motion to dismiss, but not its adequacy. (*See* ECF No. 74.)

parties would have no mechanism to determine whether Plaintiffs can put forward "specific, nonconclusory factual allegations showing the exemption does not apply." *Cunningham*, 604 U.S. at 708 (internal quotation marks omitted).

Plaintiffs argue that Defendant Alerus' Answer fails to "demonstrat[e] that Alerus will be able to make out a defense under 1108(e)'s adequate consideration defense." (Opp'n at 3.)  However, much of Plaintiffs' argument here appears to be focused on Defendant Alerus' usage of the common statement that they "lack sufficient knowledge and information to admit or deny" certain allegations in the FAC.  (*See* Opp'n at 3–4.)  Certainly, this phrase has become overused in answers filed by defendants in federal court, and Defendant Alerus is likely guilty of falling into the common pattern of its overuse.  However, the generic pleading style of Defendant Alerus at certain points in the Answer does not establish Defendant Alerus' inadequacy as a trustee of the inability to state an affirmative defense under section 408.  Defendant's assertion of that affirmative defense is supported by clear factual allegations.

Plaintiffs also take issue with Defendant Alerus' references to the usage of advisors in assessing the adequacy of the 2020 Redemption Transaction, arguing that reliance on advisors is not a "whitewash[.]"  (Opp'n at 4–5.)  Defendant Alerus' usage of advisors is certainly relevant and supportive of their affirmative defense, even if it is not dispositive.  Thus, that Defendant relied in part on advisors does not render Defendant's claim of exemption under section 408(e) invalid.

In summary, the procedural footing in this case is identical to the one identified by the Supreme Court in *Cunningham*.  In the interest of ensuring that only meritorious claims where Plaintiffs can put forward specific, nonconclusory factual allegations showing the exemption does not apply proceed forward, the Court grants Defendant Alerus' Motion and orders Plaintiffs to file a reply.

This decision should not be read as a comment regarding the viability of Plaintiffs' prohibited transactions claim or Defendant's affirmative defense.  The

Court's decision here is largely grounded in considerations of factual clarity and procedural efficiency. To that end, the Court also expects that if Plaintiffs can put forward specific, nonconclusory factual allegations that arguably show the asserted exemption does not apply, the parties will promptly proceed forward with discovery.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall file a reply to Defendant Alerus' Answer (ECF No. 88) which addresses Alerus's affirmative defense that the adequate consideration exemption in ERISA section 408(e) applies to the 2020 Redemption Transaction. Plaintiffs' reply shall be filed within twenty-one (21) days of this Order. The hearing set for January 8, 2026, at 1:30 p.m. is VACATED.

IT IS SO ORDERED.

Dated:   **December 30, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5